**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br>THOMAS JOHN SPIELBAUER,<br>        Debtor.<br>---------------------------------------------------------<br>167 E. WILLIAM LLC,<br>        Plaintiff-Appellee,<br>   v.<br>THOMAS SPIELBAUER,<br>        Defendant-Appellant. | Case No. 17-cv-03071-BLF<br><br>Bankr. Case No. 14-bk-51508<br>Advers. P. Case No. 14-ap-05067<br><br>**ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT** |

    Chapter 11 debtor Thomas Spielbauer ("Spielbauer") appeals the bankruptcy court's judgment in an adversary proceeding brought by 167 E. William LLC ("LLC") to determine the dischargeability of a debt owed to it by Spielbauer. The debt arises from a state court judgment against Spielbauer and his wholly-owned company, Divine Blessings, for slander of title and related claims. The bankruptcy court granted summary judgment for LLC in the adversary proceeding after determining that the state court judgment established the requirements for exception from discharge under 11 U.S.C. § 523(a)(6) and is entitled to preclusive effect.

    The Court has considered the parties' briefing, the admissible evidence, and the relevant legal authorities. The Court finds the matter to be appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the judgment of the bankruptcy court is AFFIRMED.

## I. BACKGROUND

The state court judgment upon which the bankruptcy court relied was entered by the Santa Clara County Superior Court following a bench trial to determine the interests of LLC, Spielbauer, and others with respect to a parcel of real property ("the Property") located at 167 E. William Street in San Jose, California. Judgment, ECF 5-3; Statement of Decision, ECF 5-2, 5-3. The superior court's judgment was affirmed by the California Court of Appeal in an unpublished decision which summarized the lawsuit as follows:

> Thomas Spielbauer is the sole shareholder of Devine Blessings, a corporation that held a second deed of trust on a property located at 167 E. William Street in San Jose, California (the Property). 167 E. William, LLC (LLC) possessed a third deed of trust on the Property and acquired it after a trustee's sale. Subsequently, LLC entered into an agreement to sell the Property to a third party and requested a payoff demand statement from Devine Blessings (Civ. Code, § 2943), estimating that the amount due on Devine Blessings' position was approximately $4,389. To LLC's surprise, Devine Blessings submitted a payoff demand of $269,500. LLC attempted to contact Devine Blessings to ascertain the accuracy of the payoff demand but was unable to do so. Thereafter, LLC canceled the pending sale and filed a lawsuit against Devine Blessings seeking declaratory relief and damages arising from the failed sale. After a court trial, the court found that Thomas and Devine Blessings had intentionally and fraudulently inflated the payoff demand and entered a judgment in favor of LLC in the amount of $869,276.55, composed of $332,547.06 in compensatory damages, which were offset by the approximately $7,152.03 that was admittedly owed to appellants on the note, $163,597.12 in attorney fees, $40,582.37 in costs, and $332,550 in punitive damages.

Appellate Decision at 1-2, ECF 5-3 (footnotes omitted). The Court of Appeal found "no merit" to the arguments raised by Spielbauer and Divine Blessings on appeal. *Id.* at 2, 43. The California Supreme Court denied review.

Less than two months after entry of judgment in the superior court, Spielbauer filed for bankruptcy protection. *See* Bankr. Case No. 14-bk-51508. Shortly thereafter, LLC filed an adversary complaint seeking to prevent discharge of the of the state court judgment. *See* Advers. P. Case No. 14-ap-05067. Motion practice narrowed the adversary proceeding to a single claim for exception from discharge under 11 U.S.C. § 523(a)(6), which was set forth in LLC's first amended complaint. *See id.*

Under 11 U.S.C. § 523(a)(6), a bankruptcy discharge "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the

property of another entity." 11 U.S.C. § 523(a)(6). LLC moved for summary judgment on its § 523(a)(6) claim under the doctrine of collateral estoppel, asserting that the requisite "willful and malicious injury" was established by the state court judgment. LLC's MSJ, ECF 5-1. The bankruptcy court heard argument on the summary judgment motion on April 24, 2017 and rendered its decision orally on April 27, 2017. Hrg. Tr., ECF 7, 8. The bankruptcy court determined that the state court judgment is nondischargeable based on the collateral estoppel effect of the state court judgment. *Id.* That determination was memorialized in a written order granting LLC's motion for summary judgment and a written judgment, both entered on May 8, 2017. Order, ECF 6-16; Judgment, ECF 6-17. Spielbauer timely appealed the bankruptcy court's judgment.

## II. ISSUES PRESENTED

Both parties identify numerous issues on appeal, ranging from whether this Court has jurisdiction over the appeal to whether the bankruptcy court erred in finding that issue preclusion should not be denied on public policy grounds. The Court determines that, properly framed, the issues presented by Spielbauer's appeal are:

(1) Whether LLC has Article III standing to pursue its § 523(a)(6) claim; and

(2) Whether the bankruptcy court erred in granting summary judgment for LLC on its § 523(a)(6) claim based on the preclusive effect of the state court judgment.

## III. JURISDICTION

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1).

## IV. STANDARDS OF REVIEW

"[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). This Court thus "review[s] de novo the bankruptcy court's grant of summary judgment." *In re Sabban*, 600 F.3d 1219, 1221-22 (9th Cir. 2010). "Whether a claim is nondischargeable presents mixed issues of law and fact and is reviewed de novo" as well. *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002); *see also In re Plyam*, 530 B.R. 456,

3

461 (9th Cir. BAP 2015) ("We review de novo the bankruptcy court's decisions to grant summary judgment and to except a debt from discharge under § 523(a)(4) and (a)(6).").

This Court "review[s] de novo the bankruptcy court's determination that issue preclusion was available." *In re Tomkow*, 563 B.R. 716, 722 (9th Cir. BAP 2017); *Plyam*, 530 B.R. at 461. If it was, the bankruptcy court's application of issue preclusion is reviewed for abuse of discretion. *Tomkow*, 563 B.R. at 722; *Plyam*, 530 B.R. at 461. "A bankruptcy court abuses its discretion if it applies the wrong legal standard or misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Tomkow*, 563 B.R. at 722.

Finally, this Court "may affirm the decision of the bankruptcy court on any basis supported by the record." *Tomkow*, 563 B.R. at 722.

## V. DISCUSSION

### A. LLC has Article III Standing to Seek Exception from Discharge

Spielbauer asserts that LLC lacks Article III standing to pursue its § 523(a)(6) claim for dischargeability in the adversary proceeding. Although Spielbauer raised this issue in his opposition to LLC's motion for summary judgment in the bankruptcy court, *see* ECF 6-3, the bankruptcy court did not address it, *see* ECF 6-16, 6-17, 7, 8. The bankruptcy court thus implicitly rejected Spielbauer's standing argument. *See Mathis v. Cty. of Lyon*, No. 2:07-CV-00628-APG, 2014 WL 3611550, at *2 (D. Nev. July 21, 2014) (construing appellate court's failure to discuss argument presented on appeal as "an implicit rejection of its validity"). Standing is a legal issue which is reviewed de novo. *In re Sung Ho Cha*, 483 B.R. 547, 550 (9th Cir. BAP 2012). This Court's analysis of the issue thus is not impaired by the bankruptcy court's failure to address it explicitly.

"[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking

4

federal jurisdiction, bears the burden of establishing these elements." *Id.*

The Ninth Circuit has held that these elements are satisfied where a creditor under the Bankruptcy Code seeks to dismiss a bankruptcy petition in order to avoid discharge of the debt owed to it. *In re Sherman*, 491 F.3d 948, 965 (9th Cir. 2007) ("As a creditor, the SEC has Article III standing to pursue the dismissal of the Shermans' bankruptcy petition because, given that status, it satisfies all three prongs of the Article III standing test."). Such creditor has suffered the requisite "injury in fact" because the pendency of the bankruptcy action affects the creditor's ability to enforce the debt owed to it and creates a risk that the debt might be discharged. *Id.* The injury is "fairly traceable" to the bankruptcy petition, because the filing of the bankruptcy petition makes it likely that the debt will not be fully paid. *Id.* And finally, it is likely that the injury will be redressed by a favorable decision, as dismissal of the bankruptcy petition would prevent the debt from being discharged in bankruptcy. *Id.*

Under the same reasoning, a judgment creditor pursuing a claim of nondischargeability has Article III standing. Pursuant to Federal Rule of Bankruptcy Procedure 4007, "any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a); *see also* 11 U.S.C. § 523(c)(1) (providing that the bankruptcy court may, upon request of a creditor to whom a debt is owed, determine whether the debt is excepted from discharge). "A 'creditor' is an entity that has a claim against the debtor or his estate." *In re Cross*, 218 B.R. 76, 78 (9th Cir. BAP 1998). "'Claim' is broadly defined as meaning either a 'right to payment . . . or a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment.'" *Id.* (quoting 11 U.S.C. § 101(5)). "[R]ight to payment means nothing more nor less than an enforceable obligation." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (internal quotation marks and brackets omitted). Consequently, the Bankruptcy Appellate Panel of the Ninth Circuit has held on several occasions that a state court judgment creditor seeking to except the state court judgment from discharge has standing to pursue a claim under 11 U.S.C. § 523(a). *See, e.g., Sung Ho Cha*, 483 B.R. at 552-53; *In re Chapman*, 125 B.R. 284, 286 (Bankr. S.D. Cal. 1991).

Spielbauer argues that LLC lacks standing to enforce the state court judgment because

LLC never acquired title to the property and thus was not the actual owner of the Property during the state court litigation. Spielbauer also argues that LLC did not suffer concrete or particularized damages sufficient to support its standing to pursue most of the claims which were litigated in the state court. Those arguments are irrelevant to the question of LLC's standing to pursue its adversary proceeding in the bankruptcy court. LLC has a valid state court judgment against Spielbauer, and that judgment is not reviewable by this Court. *See Chapman*, 125 B.R. at 286 ("The plaintiffs have a valid state court judgment against the Debtor. This judgment which evidences the plaintiffs' debt against the Debtor is not reviewable by this court."). "When a state court issues a judgment in favor of a party in a specific amount, both the obligee and the amount of damages are determined," and the judgment creditor "can rely upon the State Court Judgment in asserting his standing in the bankruptcy court" to litigate the dischargeability of the judgment debt. *Sung Ho Cha*, 483 B.R. at 552-53; *see also Chapman*, 125 B.R. at 286 (holding that creditors with a valid state court judgment against the debtor have standing to assert a nondischargeability action in the bankruptcy).

Accordingly, Spielbauer's challenge to LLC's Article III standing is without merit.

**B.     The Bankruptcy Court did not Err in Granting Summary Judgment for LLC**

As noted above, the bankruptcy court granted summary judgment for LLC on its sole claim that the state court judgment is nondischargeable under U.S.C. § 523(a)(6). The summary judgment ruling was based on the bankruptcy court's determination that the state court judgment established the requirements for exception from discharge under 11 U.S.C. § 523(a)(6) and is entitled to preclusive effect. The determination that issue preclusion was available is subject to de novo review. *See Tomkow*, 563 B.R. at 722; *Plyam*, 530 B.R. at 461. The bankruptcy court's application of issue preclusion in this case is reviewed for abuse of discretion. *See Tomkow*, 563 B.R. at 722; *Plyam*, 530 B.R. at 461.

**1.     Issue Preclusion was Available**

"Principles of collateral estoppel apply to proceedings seeking exceptions from discharge brought under 11 U.S.C. § 523(a)." *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001). Moreover, "[a] bankruptcy court may rely on the issue preclusive effect of an existing state court

6

judgment as the basis for granting summary judgment." *Plyam*, 530 B.R. at 462. "In so doing, the bankruptcy court must apply the forum state's law of issue preclusion." *Id.*; *see also Harmon*, 250 F.3d at 1245 ("Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued."). Consequently, in determining whether preclusive effect may be given to the state court judgment, this Court must apply California preclusion law.

"California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine." *Harmon*, 250 F.3d at 1245 (citing *Lucido v. Sup. Ct.*, 51 Cal. 3d 335 (1990)). The five threshold requirements are:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido*, 51 Cal. 3d at 341. "The party asserting collateral estoppel bears the burden of establishing these requirements." *Id.* "[A]ny reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the issue preclusive effect." *Plyam*, 530 B.R. at 462 (internal quotation marks and brackets omitted).

### a. Identical Issues

The first requirement for collateral estoppel is that the issues sought to be precluded from relitigation, that is, the requirements for exception from discharge under 11 U.S.C. § 523(a)(6), are identical to those decided in the prior proceeding, that is, the state court action.

"Section 523(a)(6) excepts from discharge debts arising from a debtor's 'willful and malicious' injury to another person or to the property of another." *Tomkow*, 563 B.R. at 728. The "willful" injury requirement is separate and distinct from the "malicious" injury requirement, and both must be proven to block discharge under § 523(a)(6). *In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010). The "willful injury requirement is met only when the debtor has a subjective

7

motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Su*, 290 F.3d at 1142; *see also In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001). "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Su*, 290 F.3d at 1146-47 (internal quotation marks and citation omitted).

The question, then, is whether the state court judgment established the existence of willful injury and malicious injury within the meaning of § 523(a)(6). In answering this question, the Court may consider not only the judgment itself, but also the superior court's written statement of decision. *See In re Lopez*, 367 B.R. 99, 105 (9th Cir. BAP 2007).

As relevant here, the superior court's statement of decision reflects the following findings of fact: when LLC requested a payoff demand statement from Spielbauer's wholly-owned company, Devine Blessings, in preparation for sale of the Property, Spielbauer and Devine Blessings demanded $269,500 rather than the $7,152.03 which actually was due. Statement of Decision at 1, 13, ECF 5-2, 5-3. Spielbauer knew that the payoff demand for $269,500 was false. *Id.* at 13. "[O]nce Thomas Spielbauer learned of [LLC's] contract to sell the Property, he made a demand he knew to be false, fully appreciating that the demand would require [LLC] either to pay off the false demand as ransom or lose the contract." *Id.* at 15. The superior court found Spielbauer and Devine Blessings liable for slander of title, enumerating the elements of that claim as: "a false statement published to the title company, with knowledge of its falsity and that action would be taken on the basis of the statement, causing impairment of the Property's marketability." *Id.* Spielbauer and Devine Blessings did not present "any viable legal defense." *Id.* LLC incurred damages in excess of $300,000 to eliminate the cloud on the Property's title caused by the false payoff demand. *Id.*

In addition to finding Spielbauer liable for slander of title and related claims, the superior court found by clear and convincing evidence that Spielbauer's "acts were fraudulent" within the meaning of California's punitive damages statute, California Civil Code § 3294(c)(3), and on that basis it awarded LLC punitive damages in the amount of $332,550. *Id.* at 16, 22. Under California Civil Code § 3294(c)(3), fraud is defined as "an intentional misrepresentation, deceit, or

1   concealment of a material fact known to the defendant with the intention on the part of the
2   defendant of thereby depriving a person of property or legal rights or otherwise causing injury."
3   Cal. Civ. Code § § 3294(c)(3).

4   The superior court's findings established willful injury under § 523(a)(6). As noted above, that requirement is satisfied by a showing that the debtor either intended to inflict injury or believed that injury was substantially certain to result from his conduct. *Su*, 290 F.3d at 1142. Spielbauer's belief in the substantial certainty of injury resulting from his conduct was established by the superior court's express findings that Spielbauer made a false payoff demand, knowing that it was false and knowing that action would be taken on the false payoff demand which would impair the Property's marketability. Spielbauer "is charged with the knowledge of the natural consequences of his actions." *Ormsby*, 591 F.3d at 1206. The willfulness requirement additionally was satisfied by the superior court's imposition of punitive damages based on fraud, because the superior court necessarily determined that Spielbauer had an intent to cause injury. *See Plyam*, 530 B.R. at 465 (punitive damages based on fraud "expressly require[s] an intent to cause injury").

The superior court's findings also established malicious injury under § 523(a)(6). That requirement is satisfied by (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. *Su*, 290 F.3d at 1146-47. The superior court's express findings that Spielbauer made an inflated, fraudulent payoff demand satisfied the wrongful act element. The intent element was satisfied both by the imposition of punitive damages based on fraud, which requires an intent to cause injury, and by the superior court's finding that Spielbauer made the fraudulent payoff demand in an attempt to force LLC to pay otherwise unrecoverable monies. Statement of Decision at 13. The injury element was satisfied by the superior court's finding that the fraudulent payoff demand caused LLC to incur more than $300,000 in damages. *Id.* at 15-16. And finally, the superior court addressed and rejected all of Spielbauer's proffered excuses for his conduct and concluded that Spielbauer had not presented any viable legal defense, satisfying the "without just cause or excuse" element. *Id.* at 10-15.

Spielbauer argues that "[t]he issues in the civil action and the bankruptcy proceedings are

9

not identical" because "[t]he state court applied state court rules related to standing of litigants" and "these requirements differ from those in federal court." Opening Br. at 11, ECF 25. This argument is misplaced. As discussed above, LLC has Article III standing to pursue its § 523(a)(6) claim by virtue of its status as a judgment creditor with a valid state court judgment against Spielbauer.

### b. Actually Litigated

The second requirement for collateral estoppel is that the issues sought to be precluded were actually litigated in the prior proceeding. The relevant issues, set forth above, were actually litigated in a bench trial before the superior court. *See* Statement of Decision, ECF 5-2, 5-3.

### c. Necessarily Decided

The third requirement for collateral estoppel is that the issues sought to be precluded were necessarily decided in the prior proceeding. The superior court's key findings regarding Spielbauer's false and fraudulent payoff demand were necessarily decided in order to impose liability for slander of title and to impose punitive damages based on fraud.

Spielbauer's arguments to the contrary are legally incorrect and misread the superior court's Statement of Decision. For example, Spielbauer asserts that the Statement of Decision cannot give rise to preclusive effect because it did not necessarily decide the elements of common law intentional fraud. He cites *In re Diamond*, 285 F.3d 822 (9th Cir. 2002), discussing the elements of common law fraud under Washington law, and *Soares v. Lorono,* No. 12-CV-05979-WHO, 2015 WL 151705, (N.D. Cal. Jan. 12, 2015), discussing the elements of common law fraud under California law. However, nothing in those decisions holds that judgment on a claim for common law fraud is the only type of judgment which can give rise to issue preclusion with respect to a § 523(a)(6) claim. Case law is clear that an award of punitive damages based on fraud may give rise to collateral estoppel under § 523(a)(6). *See, e.g., Tomkow*, 563 B.R. at 730.

Spielbauer also asserts that "[t]he state court proceedings in Spielbauer's case establish that plaintiff did NOT . . . sustain any damage from his inflated demand." Opening Br. at 12, ECF 25. Contrary to this assertion, the superior court found that LLC suffered substantial damages from the fraudulent and inflated payoff demand, including $3,215 which LLC paid to the buyers to

compensate them for expenses incurred in connection with the canceled sale, and $336,484.09 in attorneys' fees incurred to eliminate the cloud on the title caused by the false payoff demand. Statement of Decision at 15, ECF 5-2, 5-3.

Spielbauer also cites to evidence which he says shows that he "genuinely believed that he was entitled to the amount of his payoff demand." Reply Br. at 7, ECF 27. This argument simply ignores the superior court's express findings that Spielbauer knew that the payoff demand was false and fraudulent.

### d. Final Decision on the Merits

The fourth requirement for collateral estoppel is that the decision in the former proceeding must be final and on the merits. The superior court judgment was affirmed by the California Court of Appeal and review was denied by the California Supreme Court. Spielbauer does not dispute that this requirement was met.

### e. Same Parties

The fifth requirement for collateral estoppel is that the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. Spielbauer was a defendant in both the state court action and the adversary proceeding in the bankruptcy court. He does not dispute that this requirement was met.

### f. Public Policy

Even when the five threshold factors are met, California courts will apply collateral estoppel only when preclusion furthers the public policies underlying the doctrine. *Harmon*, 250 F.3d at 1245. Those policies include "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Lucido*, 51 Cal. 3d at 343. The first policy, preserving the integrity of the judicial system, would be served by applying collateral estoppel in this case. "[O]ne of the fundamental policies of bankruptcy law is to give a fresh start only to the 'honest but unfortunate debtor.'" *Jercich*, 238 F.3d at 1206 (citation omitted). The fact that Congress chose to make the debts listed under § 523(a) nondischargeable "reflects a decision by Congress that the fresh start policy is not always paramount." *Id.* (internal quotation marks, brackets, and citation omitted). "For example,

1   some of the exceptions to discharge in § 523(a) are based on a corollary of the policy of giving

2   honest debtors a fresh start, which would be to deny dishonest debtors a fresh start." *Id.* The

3   Court thus concludes that applying issue preclusion in this case would be consistent with the

4   policies underlying the collateral estoppel doctrine because it would preserve the integrity of a

5   valid state court judgment without impairing the right of an honest debtor to have a fresh start.

6   Having evaluated all six of the applicable requirements under California law, the Court

7   concludes that collateral estoppel was available. The Court next must determine whether the

8   bankruptcy court abused its discretion in its application of the doctrine of collateral estoppel to the

9   facts of this case.

### 2. The Bankruptcy Court did not Abuse its Discretion

Once this Court concludes that issue preclusion was available, it must "review for abuse of discretion the bankruptcy court's decision giving issue preclusive effect to the state court's decisions." *In re Black*, 487 B.R. 202, 210 (9th Cir. BAP 2013). A two-part test is applied "to determine objectively whether the bankruptcy court abused its discretion." *Id.* First, this Court determines de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." *Id.* Second, the Court examines the bankruptcy court's factual findings under the clearly erroneous standard. *Id.* at 210-11.

The bankruptcy court identified and applied the correct legal rules. It relied on *Harmon* in identifying the five threshold prerequisites for issue preclusion under California law. Hrg. Tr. 4:18-5:2, ECF 8. With respect to the first prerequisite, that the issues sought to be precluded are identical to those decided in the prior proceeding, the bankruptcy court cited relevant cases on exception from discharge under § 523(a)(6), including *Jercich* and *Su*.

Spielbauer contends that the bankruptcy court erred in relying on *In re Molina*, 228 B.R. 248 (9th Cir. BAP 1998), citing an unpublished order of the Bankruptcy Appellate Panel for the proposition that *Molina* has been superseded by *Jercich*, *Su*, and *Plyam*. *See Hinojos v. Martinez*, No. 17-1228, Exh. 3 to Opening Br., ECF 25-1. It is not clear what, if any, persuasive effect may be accorded to *Hinojos*, which addressed a motion for leave to appeal an interlocutory bankruptcy court order in a factually distinguishable case. *Molina* has not been disapproved by any published

12

decision or by any unpublished decision available on Westlaw. To the contrary, several recent decisions cite and rely on *Molina*. *See, e.g., In re Kaplan*, No. 2:11-BK-60249-RK, 2016 WL 7189820, at *13 (9th Cir. BAP Dec. 9, 2016); *In re Ogilvie*, No. 13-31179 HLB, 2015 WL 4639775, at *5 (Bankr. N.D. Cal. Feb. 23, 2015). Accordingly, it appears that *Molina* remains good law.

Moreover, the bankruptcy court expressly cited and relied on *Jercich* and *Su* – two of the decisions upon which Spielbauer asserts the bankruptcy court should have relied instead of *Molina* – in rendering its decision. Hrg. Tr. 7:1-14. The bankruptcy court correctly stated that application of collateral estoppel turned on whether the state court judgment established willful injury and malicious injury, and correctly set forth the legal standards relevant to establishing each type of injury. Accordingly, the Court concludes that the bankruptcy court did not err in its application of the law.

Nor are any of the bankruptcy court's factual findings clearly erroneous. The bankruptcy court correctly found that issue preclusion was available for much the same reasons set forth by this Court, above. The bankruptcy court considered whether it nonetheless should exercise its discretion to decline to apply issue preclusion based on several cases cited by Spielbauer in support of his contention that application of issue preclusion would be contrary to public policy. As noted by the bankruptcy court, all of the cases cited by Spielbauer are distinguishable from the present case. Hrg. Tr. 11:7-13:2. This Court finds no abuse of discretion in the bankruptcy court's decision exercise of its discretion in applying the doctrine of collateral estoppel.

## VI. ORDER

The judgment of the bankruptcy court is AFFIRMED.

The Clerk shall close the file.

Dated: March 13, 2018

BETH LABSON FREEMAN
United States District Judge

13